1

HEATHER E. WILLIAMS, Bar #122664
Federal Defender
2

BENJAMIN A. GERSON, NY Bar # 5505144
Assistant Federal Defender
3

Designated Counsel for Service
2300 Tulare Street, Suite 330
4

Fresno, CA  93721-2226
Telephone: (559) 48 7-5561
5

Fax: (559) 487-5950
6

Attorney for Defendant
7

JASON HARRIS

8

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
12

| | ) | Case No.  1:14-cr-00253-AWI-1 |
| Plaintiff, | ) | |
13

| | ) | |
| v. | ) | UNOPPOSED MOTION FOR EARLY |
| | ) | TERMINATION OF SUPERVISED RELEASE |
14

| JASON HARRIS, | ) | and ORDER THEREON |
| | ) | |
15

| Defendant. | ) | |
| | ) | |
16

| | ) | Judge:  Hon. Anthony W. Ishi |
| | ) | |

17

## I.    INTRODUCTION

18

Defendant, JASON HARRIS, hereby moves the Court to terminate his term of supervised

19

release pursuant to 18 U.S.C. § 3583(e)(1).  The 4-year term of supervised release began on

20

March 9, 2018.  Mr. Harris has already completed approximately 75% of his supervisory term.

21

Mr. Harris is being supervised in the Northern District of California where he lives and

22

works.  Prior to filing this petition, defense counsel provided it to the government, and discussed

23

Mr. Harris's motion with his probation officer.  The probation officer has indicated that Mr.

24

Harris is in full compliance in all areas of supervision.  Assistant United States Attorney Laurel

25

Montoya also reviewed this petition and discussed it with the probation officer.  She has

26

authorized defense counsel to inform the Court that the government has no objection to this

27

petition.  A proposed order is attached for the Court's convenience.

28

## II. APPLICABLE LAW

Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  No hearing is requested for this unopposed petition.

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release.  The Judicial Conference has identified the following criteria to assess eligibility for early termination:

> Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible.  The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:
>
> 1.  stable community reintegration (e.g., residence, family, employment);
>
> 2.  progressive strides toward supervision objectives and in compliance with all conditions of supervision;
>
> 3.  no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
>
> 4.  no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
>
> 5.  no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
>
> 6.  no recent evidence of alcohol or drug abuse;
>
> 7.  no recent psychiatric episodes;
>
> 8.  no identifiable risk to the safety of any identifiable victim; and
>
> 9.  no identifiable risk to public safety based on the Risk Prediction Index (RPI).

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or terrorists," if they "present no identified risk to the public or

victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges encouraging them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety." Id.

## III. MR. HARRIS SATISFIES ALL THE CRITERIA FOR EARLY TERMINATION

Mr. Harris satisfies all the factors set forth for early termination. He has maintained steady employment, first with Traffic Management Inc. ("TMI"), a company which provides traffic control to construction and utility projects in Stockton, California, and later with the same company in Dublin, California. In 2019, Mr. Harris moved to a better paying, union job with Utility Traffic Control Services ("UTCS"), also in Dublin, California. Upon his release Mr. Harris lived with family in Modesto and commuted to work in Stockton. Since moving he has maintained the same address in Dublin since 2019. Notably, he has no conditions requiring any sort of programming or counseling, and none has been needed during the course of supervision. Mr. Harris successfully completed the RDAP program while in BOP custody, and participated for a time in the re-entry court program at the U.S. District Court in Sacramento. While his compliance was excellent during the program, he was forced to withdraw when he moved to Dublin for work, as the commute was too lengthy. Mr. Harris has not had any law enforcement contact, arrests, or other violations during his term of supervision. Neither his probation officer, nor the government opposes this petition.

The Court is often called upon to impose serious consequences for defendants who violate supervised release. Mr. Harris has completed every condition asked of him and has gone far beyond the requirements of his supervision. He has fully reintegrated into society and is a valued worker, family member, and citizen. He has achieved stable community reintegration in terms of housing, family, and employment. He is in full compliance with all terms of supervision. He had no aggravated role in the offense, no violence or weapons in this offense, and is not using controlled substances. He has no psychiatric issues. He enjoys the support of his community. He is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

Given Mr. Harris's commendable reentry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

Respectfully submitted,

HEATHER WILLIAMS
Federal Defender

DATED: June 2, 2021                    /s/ Benjamin Gerson

BENJAMIN GERSON
Assistant Federal Defender

_____

[proposed]  O R D E R

Pursuant to 18 U.S.C. § 3583(e)(1), and in light of the arguments of Defendant and the absence of opposition from the United States, the Court GRANTS Defendant's motion for early termination of supervised release, TERMINATES the term of supervised release in this case, and immediately DISCHARGES Mr. Harris from supervised release.

IT IS SO ORDERED.

Dated:   June 2, 2021            _____
                                         SENIOR  DISTRICT  JUDGE